**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

GEORGE JACK SMITH,                          *

Petitioner,                                 *

v.                                          *          Civil Action No. MJM-18-3374
                                                       Criminal Action No. MJM-14-085
UNITED STATES OF AMERICA.                   *

**MEMORANDUM**

Currently pending are Petitioner George Jack Smith's ("Petitioner") Motion to Vacate
Judgment pursuant to 28 U.S.C. § 2255 and related motions for leave to amend. ECF 158; ECF
182; ECF 199. Respondent United States of America has opposed each motion. An evidentiary
hearing is not warranted. *See* Rule 8(a), *Rules Governing § 2255 Proceedings for the U.S. Dist.
Cts.*; Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, all three pending motions shall be
denied, and a certificate of appealability shall not issue.

## I.      BACKGROUND

Petitioner was indicted on February 19, 2014, with counts for (1) possession with intent to
distribute phencyclidine ("PCP"), in violation of 21 U.S.C. § 841(a); and (2) felon in possession
of firearms, in violation of 18 U.S.C. § 922(g)(1). ECF 1. He was arraigned on April 8, 2014, and
entered pleas of not guilty. ECF 12. On May 7, 2014, the grand jury returned a Superseding
Indictment that added as Count Three using, carrying, and discharging a firearm during and in
relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). ECF 16. Petitioner
was never arraigned on the Superseding Indictment, which his defense counsel noted in a motion
to continue the trial date filed on July 29, 2015. ECF 30.

On or about October 13, 2015, the government sent Petitioner's counsel a formal plea offer,
detailing the offenses charged in the Superseding Indictment, the elements of those offenses, and

their respective maximum penalties. ECF 166-1. The plea offer was not accepted, and a jury trial was conducted before the District Judge Paul W. Grimm of this Court from December 1 to December 7, 2015. The jury found Petitioner guilty on all three counts of the Superseding Indictment. ECF 102.

The Presentence Investigation Report ("PSR") was docketed on March 7, 2016. ECF 110. In its computation of the applicable Sentencing Guidelines range, the PSR recommended application of a Career Offender enhancement under Chapter 4 of the United States Sentencing Guidelines because he was an adult at the time of the offense and had prior convictions for a "crime of violence" (conspiracy to commit robbery) and a "controlled substance offense" (conspiracy to possess a controlled substance with intent to distribute). *Id.* It also noted that Count Three carried a mandatory minimum sentence of 120 months to run consecutively to any other term of imprisonment and calculated the Sentencing Guidelines range to be 360 months to life imprisonment. *Id.*

On October 4, 2016, Petitioner's defense attorney submitted a memorandum disputing the determination in the PSR that Petitioner's prior conviction for conspiracy to commit robbery was a "crime of violence" and that Petitioner qualified as a Career Offender. ECF 133. The government filed a memorandum arguing that Defendant was a Career Offender under the Sentencing Guidelines. ECF 134. At sentencing, on October 18, 2016, Judge Grimm analyzed and rejected Petitioner's arguments and found that Petitioner qualified for a Career Offender enhancement under the Guidelines for Counts One and Two. ECF 151 at 26–28. The Court ultimately imposed a total sentence of 264 months imprisonment: 144 months for Count One, 120 months for Count Two to run concurrently with Count One, and 120 months for Count Three to run consecutively to the other counts. *Id.* at 49–50; ECF 135; ECF 138.

Petitioner filed a notice on appeal on November 2, 2016. ECF 141. On appeal, Petitioner challenged the Court's determination that his prior conviction for conspiracy to commit robbery was a "crime of violence" for purposes of his Career Offender enhancement. In a per curiam opinion entered on July 21, 2017, the U.S. Court of Appeals for the Fourth Circuit affirmed the judgment of this Court. ECF 154; *United States v. Smith*, 701 Fed. App'x 239 (4th Cir. 2017). On September 12, 2017, Petitioner petitioned the U.S. Supreme Court for a writ of certiorari, ECF 156, which was denied on October 31, 2017, ECF 157; *Smith v. United States*, 583 U.S. 953 (2017).

On October 31, 2018, Petitioner filed a Motion to Vacate Judgment under 28 U.S.C. § 2255. ECF 158. The government filed a response in opposition, ECF 166, and Petitioner filed a reply in support, ECF 173. Petitioner later filed a Motion to Amend the Motion to Vacate, ECF 182, to which the government filed a response in opposition, ECF 189. Petitioner then filed a Supplemental Motion to Amend. ECF 199. The government filed a response in opposition to the Supplemental Motion to Amend, ECF 204, and Petitioner filed a reply in support, ECF 209.

## II.      STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner serving a federal sentence in custody may seek to vacate, set aside, or correct his sentence on the ground that (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack[.]" However, "[i]t has . . . long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979) (citations omitted). Where the claimed error is one of law, a collateral attack will fail "unless the

3

[] error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 185 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

"In deciding whether to grant an evidentiary hearing [on a habeas petition], a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citation omitted). If, on the other hand, "the record refutes the [petitioner's] factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see also Berry v. United States*, 884 F. Supp. 2d 453, 463 (E.D. Va. 2012) (declining to hold an evidentiary hearing where the factual record precludes the possibility of relief). Such a determination falls within the district court's discretion. *See Shriro*, 550 U.S. at 475.

### III.    MOTION TO VACATE

A. <u>Claim One: Failure to Arraign</u>

In his Motion to Vacate, Petitioner first argues that his constitutional rights were violated because he was never arraigned on the Superseding Indictment. ECF 158-1 at 4–5. He claims that because the Court did not give proper notice that the charge added in the Superseding Indictment had a substantial mandatory minimum sentence that would run consecutively to any other sentence, he was denied the due process of law. *Id.* at 6–7. The government contends that the claim is procedurally defaulted because the issue was never raised on direct appeal and Petitioner cannot show cause and prejudice. ECF 166 at 6.

The doctrine of procedural default generally precludes a habeas petitioner from bringing a claim on collateral review that was not raised in his initial criminal proceeding or on direct appeal. *United States v. McKinney*, 60 F. 4th 188, 193 (4th Cir. 2023); *see also Massaro v. United States*,

538 U.S. 500, 504 (2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). One of two showings may excuse a procedural default: (1) cause for the default and prejudice resulting the claimed error; or (2) actual innocence. *McKinney*, 60 F. 4th at 193.

"Generally, the existence of cause for procedural default turns on whether 'some objective factor external to the defense' prevented counsel from raising the claim on direct appeal." *Id.* (citation omitted). Cause may be shown where "a claim 'is so novel that its legal basis is not reasonably available to counsel.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). Cause may also be shown where the "the factual basis for the claim" was previously unavailable. *Rose v. Lee*, 252 F.3d 676, 687 (4th Cir. 2001) (citation omitted). However, cause cannot be established where the factual basis for the claim could have been discovered by a "reasonably diligent search." *Id.* (citing *Murphy v. Netherland*, 116 F.3d 97 (4th Cir. 1997)).

To establish prejudice from a claimed error, a petitioner "must show that the error 'worked to his *actual* and substantial disadvantage.'" *McKinney*, 60 F. 4th at 193 (quoting *Frady*, 456 U.S. at 170). Prejudice is shown where the claimed error "so infected the entire trial that the resulting conviction violate[d] due process." *Frady*, 456 U.S. at 169 (citation omitted). "To demonstrate *actual innocence* sufficient to excuse procedural default, a defendant must show that he is actually innocent of (i) the charge on which he was convicted *and* (ii) more serious, dismissed charges." *McKinney*, 60 F. 4th at 193 (citing *Bousley*, 523 U.S. at 624).

Here, Petitioner claims entitlement to habeas relief based on the failure to arraign him on the Superseding Indictment. An arraignment in open court is required under Rule 10(a) of the Federal Rules of Criminal Procedure. However, "[a] failure to arraign only warrants a reversal if it causes prejudice or impairs a substantial right." *United States v. Williams*, 152 F.3d 294, 299

5

(4th Cir. 1998) (citing *Garland v. Washington*, 232 U.S. 642 (1914)).[1] Petitioner was arraigned on the original Indictment for the charges of possession with intent to distribute PCP and felon in possession of a firearm. ECF 1; ECF 12. However, the Superseding Indictment added a third count, the use, carry, and discharge of a firearm during and in relation to a drug trafficking crime, ECF 16, for which Petitioner was never arraigned, *see* ECF 30. This issue was not raised on direct appeal. *See* ECF 154-1.

The Court finds that this claim is procedurally defaulted and must be dismissed. Because Petitioner is not alleging actual innocence, he must show cause and prejudice to obtain habeas relief. Neither is present here. Petitioner fails to identify any "objective factor external to the defense" that prevented failure of arraignment from being raised on direct appeal. Petitioner's claim is not based on a novel theory of law that was previously unavailable to him, but on the arraignment requirement that has long been found in Rule 10. The factual basis for Petitioner's claim has been readily available to Petitioner and his counsel since well before Petitioner's trial. Petitioner's defense attorney was, in fact, aware that he was never arraigned on the Superseding Indictment, having noted this fact in a motion filed several months before the trial. *See* ECF 30 at 1.

Petitioner has not shown that he was actually prejudiced by not having been arraigned on the Superseding Indictment. He does not claim that he would have pleaded guilty if he had been arraigned on Count Three or that the failure to arraign him prejudiced his defense at trial. Moreover, the government made several clear references to Count Three in a formal plea offer that it presented to the Petitioner, through his counsel, a month-and-a-half before the trial. ECF 166-1;

---

[1] On direct appeal, the *Williams* court rejected the contention that the appellant was prejudiced by the district court's failure to arraign him on a superseding indictment because the superseding indictment only constituted a minor alteration to the original indictment, and the appellant was given a copy of the modified charge a week before his trial. 152 F.3d at 299.

*see also* ECF 152 at 38–39 (transcript of motions hearing, confirming in Petitioner's presence that the government made several formal plea offers). The plea offer specifically noted that a mandatory minimum sentence of ten years would apply to a conviction on Count Three and would run consecutively to any other prison sentence. ECF 166-1 at 2. Under these facts, it cannot be said that the failure to arraign Petitioner on the third count worked to "his *actual* and substantial disadvantage" or that it "infect[ed] his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 169–70.

Petitioner's first claim is therefore barred by procedural default.

B.  Claim Two: Ineffective Assistance of Counsel

Petitioner next claims that he was denied effective assistance of counsel when his attorney failed to ensure that he was arraigned on the Superseding Indictment. ECF 158-1 at 7–9. Petitioner also notes that counsel did not explain the significance of the term "consecutive" to him and its impact on sentencing. ECF 173 at 4. The government argues that even if defense counsel's performance had been deficient, Petitioner cannot show he was prejudiced by the deficiency because he had notice of all charges in the Superseding Indictment well before the trial and cannot show that his counsel's failure to ensure that he was arraigned impacted his sentence. ECF 166 at 10–11.

The Sixth Amendment to the U.S. Constitution guarantees a criminal defendant the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see also Buck v. Davis*, 137 S. Ct. 759, 775 (2017). To mount a successful challenge based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in *Strickland*, 466 U.S. at 687–88. First, the petitioner must show that counsel's performance was deficient.  Second, the petitioner must show that he was prejudiced by the deficient performance.

*Id.* at 687; *see also Buck*, 137 S. Ct. at 775. A claim for ineffective assistance of counsel is not subject to procedural default and may be raised for the first time in a § 2255 petition. *See Massaro*, 538 U.S. at 504–09.

As to the first prong, the petitioner must demonstrate that his attorney's performance fell "below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688; *see also Harrington v. Richter*, 562 U.S. 86, 104 (2011). The Supreme Court has reiterated that the "first prong sets a high bar." *Buck*, 137 S. Ct. at 775. Notably, a "lawyer has discharged his constitutional responsibility so long as his decisions fall within the 'wide range of professionally competent assistance.'" *Id.* (citation omitted). The standard for assessing such competence is "highly deferential" and carries a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 669.

Second, the petitioner must show that his attorney's deficient performance "prejudiced" the representation. *Strickland*, 466 U.S. at 687. A strong presumption of adequacy attaches to counsel's conduct, so strong in fact that a petitioner alleging ineffective assistance of counsel must show that the proceeding was rendered fundamentally unfair by counsel's affirmative omissions or errors. *Id*. at 696.

Like his first claim, Petitioner's second claim fails for lack of prejudice. He makes no showing and offers no facts to suggest that the outcome of the trial, or his sentence, would have been different had his counsel demanded an arraignment on the Superseding Indictment. Nor does Petitioner give any indication that he would have accepted a plea offer or otherwise pleaded guilty had he been properly arraigned on Count Three. Indeed, the government made at least four written plea offers—at least one which explicitly laid out Count Three's mandatory minimum sentence—that were rejected. ECF 152 at 38:15–39:7; ECF 166-1.

This Court also cannot accept Petitioner's argument that he was prejudiced by his counsel failing to explain to him the meaning of the term "consecutive." The U.S. Court of Appeals for the Third Circuit has held that a defendant need not be expressly informed that sentences may run consecutively, writing that "th[e] power [to impose consecutive sentences] is *implicit* in the separate explanation of the possible sentence on each count." *Paradiso v. United States*, 482 F.2d 409, 415 (3d Cir. 1973) (emphasis added). In *United States v. Hamilton*, the U.S. Court of Appeals for the Ninth Circuit held that the defendant was "implicitly alerted" "to the possibility of consecutive sentencing" when the prosecutor advised him that he faced a possible fifteen-year sentence for *each* count against him. 568 F.2d 1302, 1306 (9th Cir. 1978); *cf. United States v. General*, 278 F.3d 389, 395 (4th Cir. 2002) ("Rule 11 . . . does not require a district court to inform the defendant of mandatory consecutive sentencing."). Here, Petitioner does not claim that he was not aware that he was charged with three separate crimes and that each carried its own potential penalty upon conviction. The record indicates that he was aware of this fact. *See e.g.*, ECF 166-1 at 2. Therefore, even assuming his counsel's performance was deficient, Petitioner could not have been prejudiced by that deficiency.

Accordingly, Petitioner's claim for ineffective assistance of counsel fails.

C. <u>Claim Three: Career Criminal Designation</u>

Petitioner finally argues that his prior conviction for conspiracy to commit robbery does not qualify as a "crime of violence" and, therefore, that the Court erred in applying a Career Offender enhancement to his Sentencing Guidelines computation under U.S.S.G. § 4B1.2(a)(2). ECF 158-1 at 10.

Section 4B1.1(a) of the U.S. Sentencing Guidelines provides that a criminal defendant who was at least 18 years old at the time he committed "a felony that is either a crime of violence or a

controlled substance offense" is deemed a "career offender" if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." At the time of Petitioner's sentencing, the Guidelines defined "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." U.S.S.G. § 4B1.2(a) (2016). The term "controlled substance offense" was defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b). Application Note 1 to U.S.S.G. § 4B1.2 provided that a conspiracy to commit a "crime of violence" or a "controlled substance offense" constituted a "crime of violence" or a "controlled substance offense."

If a "career offender" is convicted under 18 U.S.C. § 924(c) and for other offenses, the Guidelines range is the greater of "(A) the guideline range that results by adding the mandatory minimum consecutive penalty required by the 18 U.S.C. § 924(c) . . . count(s) to the minimum and the maximum of the otherwise applicable guideline range determined" for the other counts; or (B) the range determined by the table in U.S.S.G. § 4B1.2(c)(3). The table in U.S.S.G. § 4B1.2(c)(3) prescribes a range of 360 months to life imprisonment if there is no adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

Here, in memoranda filed in advance of sentencing, the parties disputed application of the Career Offender Guidelines. Specifically, Petitioner argued that his prior conviction for conspiracy to commit robbery under Maryland law did not constitute a "crime of violence." *See* ECF 133. After hearing oral argument at sentencing, the Court determined Petitioner's Guidelines sentence pursuant to U.S.S.G. § 4B1.2(c)(3). ECF 151 at 26–29. Specifically, the Court determined that Petitioner's prior conviction for conspiracy to commit robbery under Maryland law constituted a "crime of violence" under U.S.S.G. § 4B1.2(a) and his prior conviction for conspiracy to possess with intent to distribute controlled dangerous substance under Maryland law constituted a "controlled substance offense" under U.S.S.G. § 4B1.2(b). Given these two prior convictions, and the lack of any adjustment under U.S.S.G. § 3E1.1, the Court found that Petitioner qualified for a Career Offender enhancement under U.S.S.G. § 4B1.1(c)(3), which prescribed a Guidelines range of 360 months to life imprisonment for Counts One and Two. This range was capped at a total of 360 months due to statutory maximum terms of imprisonment for these counts. ECF 151 at 28.

Even if the Court erred in applying the Career Offender enhancement in this case, that error would not invalidate the sentence or provide grounds for habeas relief. At sentencing, the Court made clear that the sentence imposed would have been the same notwithstanding the Career Offender enhancement:

> I want the record to be clear that I believe that [264 months is] the proper sentence under the 18 U.S. Code 3553 factors. I would have varied above the high end of the guidelines for an offense level 24 if I did not find that the career offender[] [enhancement] applied . . . To me that's the proper sentence and I would reach it under either the guidelines range of [offense level of 24 and criminal history category of VI] or a career offender calculation, because I believe it's appropriate.

ECF 151 at 50:13–17, 50:25–51:2. On appeal, the Fourth Circuit conducted an assumed error harmlessness inquiry and affirmed the sentence, finding that, even as an upward-variant sentence, the 264-month sentence would have been substantively reasonable under the 18 U.S.C. § 3553

factors and therefore any Guidelines error was harmless. ECF 154-1; *Smith*, 701 Fed. App'x at 242.

Petitioner's sentence was determined irrespective of the advisory Guidelines and was within statutory limits. Any Guidelines error made at sentencing would not constitute a fundamental error resulting in a miscarriage of justice and therefore cannot provide Petitioner with a ground for habeas relief. *See United States v. Foote*, 784 F.3d 931, 943 (4th Cir. 2015) (holding that a Career Offender designation that was later nullified was *not* a fundamental defect resulting in a miscarriage of justice such that relief under § 2255 was warranted); *United States v. Mikalajunas*, 186 F.3d 490, 496–97 (4th Cir. 1999) ("[T]he mere misinterpretation or application of a guideline provision generally does not amount to a miscarriage of justice that warrants relief under § 2255.").

Petitioner's third claim for relief fails.

## IV.    MOTIONS TO AMEND

In his motion for leave to amend and supplemental motion for leave to amend, Petitioner argues that the Court incorrectly counted his prior convictions for inchoate offenses as predicate convictions in qualifying for a Career Offender enhancement in his Sentencing Guidelines computation. ECF 182; ECF 199; ECF 209. The prior convictions at issue here were for (1) conspiracy to commit robbery under Maryland law, which he argues is not a "crime of violence;" and (2) conspiracy to commit possession with intent to distribute controlled dangerous substances under Maryland law, which he argues is not a "controlled substance offense." ECF 182 at 2; ECF 199 at 3. The government argues that any challenge based on the Sentencing Guidelines must fail because the Court made clear that the sentence was based on the 18 U.S.C § 3553 factors, not the

Guidelines, and that the sentence was affirmed by the Fourth Circuit. ECF 189 at 7; ECF 204 at 2.[2]

The Rules Governing Section 2255 Proceedings provide no procedure for amendment. To assess the merits of Petitioner's Motion to Amend and Supplemental Motion to Amend, this Court will apply Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Brown*, 596 Fed. App'x 209, 210–11 (4th Cir. 2015) (applying Fed. R. Civ. P. 15 to a motion to amend a motion to vacate under § 2255); *see also* Rule 12, *Rules Governing § 2255 Proceedings for the U.S. Dist Cts.* (permitting district courts to apply the Federal Rules of Civil Procedure "to the extent that they are not inconsistent with any statutory provisions or these rules").

Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give [] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts should thus give leave to amend except where there is bad faith on the part of the movant, undue prejudice to the opposing party, or the amendment is futile. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted).[3]

A proposed amendment is futile where it fails to provide the movant with meritorious grounds for relief. *See, e.g.*, *United States v. Anderson*, Civ. No. DKC-14-3743, 2018 WL 488723, at *4 (D. Md. Jan. 18, 2018).

---

[2] The government also raises a statute of limitations argument, ECF 189 at 8–11; ECF 204 at 2, which this Court need not address because the motions to amend fail on the merits.

[3] The government does not allege any undue prejudice and only opposes the Motion to Amend and Supplemental Motion to Amend on the basis of futility. ECF 189; ECF 204. There does not appear to be any bad faith motive on the part of Petitioner, nor would amendment unduly prejudice the government. For these reasons, the Court will only address whether amendment is futile.

Petitioner's motions to amend are futile. As explained in Part III.C, *supra*, Petitioner's sentence was determined irrespective of the advisory Guidelines and was within statutory limits. Therefore, any Guidelines error made at sentencing would not constitute a fundamental error resulting in a miscarriage of justice and cannot provide Petitioner with a ground for habeas relief. *See Foote*, 784 F.3d at 943; *Mikalajunas*, 186 F.3d at 496–97 ("[T]he mere misinterpretation or application of a guideline provision generally does not amount to a miscarriage of justice that warrants relief under § 2255.").

Because both pending motions to amend are futile, they are therefore denied.

## V.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed. A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has failed to satisfy this standard on any of his claims. Therefore, a certificate of appealability shall not issue.

## VI.    CONCLUSION

For reasons stated herein, Petitioner George Jack Smith's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255, ECF 158; Motion to Amend the Motion to Vacate, ECF 182; and Supplemental Motion to Amend, ECF 199 are DENIED. No certificate of appealability shall issue. A separate Order follows.


  3/29/24                                                  /S/
Date                                            Matthew J. Maddox
                                                United States District Judge

15